996 F.2d 1224
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ENVIRONMENTAL AND RESOURCES CONSERVATION ORGANIZATION, Petitioner,
v.
UNITED STATES NUCLEAR REGULATORY COMMISSION and United
States of America, Respondents,
Sacramento Municipal Utility District, Intervenor-Respondent.
 No. 92-70202.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 13, 1993.
Decided June 30, 1993.
 
 Before: REINHARDT, TROTT, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The sole issue before us is whether the Respondent United States Nuclear Regulatory Commission ("NRC") erred in ruling that Petitioner Environmental Resources and Conservation Organization ("ECO") lacked standing to intervene in a proceeding relating to an application by Intervenor-Respondent Sacramento Municipality District ("SMUD") to change its license for the Rancho Seco Nuclear Power Plant from an operating license to a "Possession Only License ("POL"). Because we find that the NRC committed no reversible errors in arriving at its decision, we deny ECO's petition for review.
 
 
 3
 ECO raises four arguments in support of its contention that it had standing before the NRC. First, it professes that the dismantling of a nuclear power plant amounts to environmental damage within the meaning of the National Environmental Policy Act ("NEPA"). Second, it contends that the loss of employment suffered by members of ECO satisfies standing under NEPA. ECO's final two arguments involve the failure of the NRC to require the preparation of an Environmental Impact Statement ("EIS") for the issuance of the POL. ECO argues that this omission may cause its members to suffer the effects of global warming and increased pollution from the replacement of Rancho Seco with plants that use fossil fuels. It also maintains that the NRC's failure to prepare an EIS will interfere with its ability to comment upon and distribute information to its members regarding the environmental consequences of shutting down Rancho Seco, activities that are fundamental to ECO's organizational purposes.
 
 
 4
 The NRC and SMUD contend that while ECO made all four of these arguments to the administrative law judges on the Atomic Safety Licensing Board, it failed to raise the first and third arguments to the agency itself and therefore, may not raise them here. See California Cartage Co. v. United States, 721 F.2d 1199, 1204 n. 4 (9th Cir.1983), cert. denied, 469 U.S. 827 (1984). We have reviewed the record, and we agree.[1] We, therefore, address only ECO's employment and informational standing arguments.
 
 
 5
 The NRC correctly rejected ECO's employment standing argument. First, while NEPA does encompass economic harms, those harms must be caused by environmental damage. Port of Astoria, Oregon v. Hodel, 595 F.2d 467, 475 (9th Cir.1979). The dismantling of a nuclear power plant is not per se environmental damage, unlike the pollution of a stream or the cutting down of a forest. For this reason the alleged profound economic injury suffered by ECO's members falls outside the scope of NEPA. Second, under the particular facts of this case, the effect upon the employment of ECO members of the NRC's decision to approve or deny SMUD's POL application is simply too remote to support standing, even under NEPA.
 
 
 6
 The NRC denied ECO's informational standing argument on the ground that the organization failed to demonstrate a particularized injury resulting from the failure to prepare an EIS. ECO correctly contends that the NRC was mistaken in its belief that the organization's articles of incorporation were drawn up after ECO had filed its petition for intervention. However, this was only one of a number of factors mentioned by the NRC when it rejected ECO's informational standing argument. By itself, the error provides insufficient grounds for vacating the agency's decision. In its opening brief to this court, ECO raised no other specific argument regarding the NRC's informational standing ruling. The NRC opinion discusses the informational standing issue at considerable length and analyzes several legal opinions and theories that it found either controlling or distinguishable. ECO failed to discuss these opinions or theories in its opening brief, and thus failed to advise this court in what respects, if any, they may be in error. Accordingly, we do not consider any such questions here. Nor do we resolve the merits of the NRC's ruling regarding informational standing. We decide only that ECO failed to set forth in its opening brief any grounds upon which this court can base a reversal or vacation of that ruling.
 
 
 7
 ECO also argues that the Atomic Safety Licensing Board denied it due process by striking two of its filings, by failing to serve it with copies of two NRC staff documents, by failing to require SMUD to prepare an environmental report and by not discussing ECO's contentions adequately. The NRC did not reach these arguments because it affirmed the Board's decision that ECO lacked standing. To the extent that ECO's due process claims concern matters relevant to its standing arguments, they merited consideration by the NRC. However, we find that in failing to address them the NRC did not commit any prejudicial error. The portions of ECO's further amendment to its petition that were excluded dealt with arguments that the organization also addressed in filings that the Board accepted. Thus, their exclusion had no impact on the outcome of the proceeding. Unlike the excluded amendments, the excluded contentions did not relate to standing; nor does the argument that the Board violated its own regulations in failing to require SMUD to file an environmental report. Accordingly the failure to consider these matters was non-prejudicial with respect to the standing question. Finally, ECO fails to show how either the NRC staff's failure to serve it with copies of two documents or the Board's alleged failure to explain adequately the reasons for its rejection of several of ECO's arguments was prejudicial to ECO or affected the outcome of its standing claims. Moreover, the Board's decision satisfies the mandates of the Administrative Procedure Act, 5 U.S.C. § 555(e).
 
 
 8
 For the foregoing reasons the petition for review is DENIED.[2]
 
 RYMER, Circuit Judge, concurring:
 
 9
 I join the per curiam disposition, but I would resolve the Environmental and Resource Conservation Organization's (ECO) economic and informational standing claims on the ground that ECO asserts no injury which could be redressed by an action of the Nuclear Regulatory Commission (NRC) in the possession-only license (POL) proceeding. See Allen v. Wright, 468 U.S. 737, 751 (1984) (standing requires injury, causation, and redressability). The denial of a POL would not cause the Sacramento Municipal Utilities District (SMUD) to reopen the Rancho Seco reactor. That decision is outside the jurisdiction of the NRC and can only be made by some combination of SMUD, the voters of SMUD, and any other entity which might acquire Rancho Seco from SMUD.
 
 
 10
 Therefore, the loss of employment by ECO's members would not be reversed by denial of a POL. Likewise, ECO's asserted informational injury is not associated with any redressable concrete injury. See Lujan v. Defenders of Wildlife, --- U.S. ----, 112 S.Ct. 2130, 2148 n. 8 (1992) (a plaintiff who asserts a procedural right does not have standing unless "the procedure in question are designed to protect some threatened concrete interest ... that is the ultimate basis of ... standing"); Foundation on Economic Trends v. Lyng, 943 F.2d 79, 84 (D.C.Cir.1991) (requiring concrete injury to supplement informational injury).
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by courts of this circuit except in accordance with 9th Cir.R. 36-3
 
 
 [1]
 Likewise, ECO forfeited the argument that it has standing under the Atomic Energy Act because it failed to make this argument to the NRC
 
 
 [2]
 Because we find that the NRC did not err in declining to hold a hearing on SMUD's application for a POL, we need not reach ECO's argument that the Sholly Amendment, 42 U.S.C. § 2239(a)(2)(A), does not apply to such applications